UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRYCE CHRISTOPHER R.,[1] | Case No. 2:25-cv-00247-DKG |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's

redetermination that he was no longer disabled and, therefore, ineligible for supplemental

security income benefits. (Dkt. 1). Having carefully reviewed the Complaint, the parties'

memoranda, and the administrative record (AR), the Court will affirm the decision of the

Commissioner for the reasons set forth below.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

Plaintiff previously received supplemental security income benefits based on disability as a child. Upon attaining the age of 18, Plaintiff's eligibility for disability benefits was redetermined under the rules for determining disability in adults. On June 30, 2022, the Commissioner determined Plaintiff was no longer disabled as of June 7, 2022. (AR 100, 105). The determination was upheld on initial review and reconsideration. Plaintiff then requested a hearing by an Administrative Law Judge (ALJ), which was held on May 1, 2024. (AR 16, 141).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on May 16, 2024, finding Plaintiff not disabled. (AR 16-27). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff turned eighteen years of age on December 30, 2021. (AR 38). Plaintiff completed the ninth grade and has no past relevant work experience. (AR 42). Plaintiff claims disability due to physical and mental impairments, including: neurofibromatosis Type 1 (NF1), attention deficit hyperactivity disorder (ADHD), chronic headaches, and chronic pain. (AR 309).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of

**MEMORANDUM DECISION AND ORDER - 2**

not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step

sequential inquiry to determine whether a claimant is disabled within the meaning of the

Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006)

(discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ articulated the rule applicable for redetermining

disability at age eighteen. (AR 18). At step two, the ALJ determined Plaintiff suffers

from the following medically determinable severe impairments: neurofibromatosis and

ADHD. (AR 18).[2] The ALJ found Plaintiff's skin lesions, mild thoracic scoliosis,

anisometropic myopic astigmatism, headaches, cerumen impaction, hypertension, and

high blood pressure were non-severe impairments. (AR 18-19).

At step three, the ALJ determined that, since June 7, 2022, Plaintiff did not have

an impairment or combination of impairments that meets or medically equals the severity

of a listed impairment. (AR 19-20). The ALJ next found Plaintiff retained the Residual

Functional Capacity (RFC) to perform a full range of light work, except "he can

frequently kneel and crawl; he is limited to simple, routine tasks; and he would be off

task 5 to 9% of each workday, on average." (AR 21).

Because Plaintiff had no past relevant work, the ALJ proceeded to step five and

concluded, based on the vocational expert's testimony, that jobs exist in significant

---

[2] Neurofibromatosis generally refers to a group of genetic conditions involving the development of mostly non-cancerous tumors that may affect the brain, the spinal cord, and the nerves sending signals between the two. (Dkt. 15-1, Ex. A). While considered "rare," NF1 is the most common type of neurofibromatosis. Signs and symptoms of NF1 include growths on the iris; tumors of the optic pathway; learning disabilities; and ADHD.

**MEMORANDUM DECISION AND ORDER - 3**

numbers in the national economy that Plaintiff could perform given his age, education, work experience, and RFC. (AR 25-26). The ALJ therefore found Plaintiff not disabled since June 7, 2022. (AR 26).

## ISSUES FOR REVIEW

1.    Whether the ALJ made proper step two determinations and findings.

2.    Whether the ALJ properly evaluated and considered Plaintiff's subjective symptom statements.

3.    Whether the ALJ's decision is supported by substantial evidence.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post

MEMORANDUM DECISION AND ORDER - 4

hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 122526 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's findings even if other evidence may exist that supports Plaintiff's claims. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); 42 U.S.C. § 405(g). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

## DISCUSSION

### 1.　　Step Two

Plaintiff argues the ALJ erred at step two by failing to identify his actual medical disorder of NF1 as a specific genetic condition and, consequently, failed to properly consider and discuss his condition throughout the decision. (Dkt. 15, 23).[3] Defendant contends the ALJ sufficiently identified Plaintiff's severe impairments at step two and that any error was harmless. (Dkt. 22).

### A.　Legal Standard

At step two, the ALJ must determine if the claimant has a severe medically determinable impairment or combination of impairments. *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987)); 20 C.F.R. § 416.920(a)(4)(ii). A medically determinable impairment "must result from

---

[3] Plaintiff's assertions of error at step two relate to his NF1 condition. (Dkt. 15). The Court will therefore address the ALJ's decision and findings relevant to that condition.

anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.921. The claimant must prove the impairment by providing objective medical evidence; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.921; SSR 16-3p ("Under our regulations, an individual's statements of symptoms alone are not enough to establish the existence of a physical or mental impairment or disability."). An impairment is considered "severe" if it "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). Basic work activities include the "abilities and aptitudes necessary to do most jobs," such as walking, sitting, lifting, speaking, remembering simple instructions, using judgment, and adapting to changes in a routine work setting. 20 C.F.R. § 416.922.

The ALJ must consider all the evidence at step two to determine whether a medically determinable impairment significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(a)(3); *Bowen*, 482 U.S. at 153. The claimant retains the burden of proof at step two. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). The absence of objective medical evidence to substantiate the existence of a medically determinable impairment may justify an adverse step two determination. *Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005); 20 C.F.R. § 416.902(k) (defining "objective medical evidence" as "signs, laboratory findings, or both."); 20 C.F.R. § 416.902(l) (defining "signs," which "must be shown by medically acceptable clinical diagnostic techniques."). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more

MEMORANDUM DECISION AND ORDER - 6

than a minimal effect on an individuals ability to work.'" *Smolen*, 80 F.3d at 1290; (quoting SSR 85-28).

The purpose of this step is to filter out claims that are too weak to be eligible for disability benefits. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("Step two is merely a threshold determination meant to screen out weak claims."). If the analysis proceeds past step two, the lack of severity classification will usually be immaterial because step two "is not meant to identify the impairments that should be taken into account when determining the RFC." *Id.* at 1048-49. Rather, when assessing the RFC, the ALJ must consider all limitations and restrictions imposed by reason of an individual's medically determinable impairment or combination of impairments, even those not characterized as severe. *Id*. at 1049; SSR 96-8p.

### B.    Analysis

Here, the ALJ determined at step two that Plaintiff suffers from the severe medically determinable impairment of "Neurofibromatosis," but did not expressly refer to it as "NF1" or as a "genetic condition." (AR 18). The ALJ next observed that Plaintiff has "multiple skin lesions from his neurofibroma condition that are benign and do not cause the complications discussed in the next sections. They are noted to be scattered on his torso and are clinically insignificant…[and] not severe." (AR 18). The ALJ also concluded that Plaintiff's mild thoracic scoliosis, anisometropic myopic astigmatism, headaches, cerumen impaction, and hypertension were non severe. (AR 18-19).

The Court finds the ALJ's step two findings challenged on review are free of legal error and supported by substantial evidence. A plain reading of the entire decision reflects

MEMORANDUM DECISION AND ORDER - 7

that the ALJ appropriately found Plaintiff's NF1 condition was a severe medically determinable impairment, and considered it throughout the sequential analysis. That the ALJ identified the impairment as "neurofibromatosis" rather than "NF1" at step two was not incorrect or error. Likewise, the ALJ's step-two findings relevant to Plaintiff's "skin lesions" does not evidence any misunderstanding or harmful error. The ALJ clearly attributed the skin lesions to Plaintiff's neurofibroma, but found they were non-severe based on the findings discussed later in the decision where the ALJ expressly considered Plaintiff's multiple "tumors" that were caused by his NF1 (AR 18-25). Further, the ALJ properly considered all of the symptoms that Plaintiff alleged to be experiencing as required by the regulations. (AR 18-25). The ALJ was not required to consider all of the possible, common, or future symptoms that a claimant may experience from a given condition. 20 C.F.R. § 416.929(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") (emphasis added). Indeed, "[t]he mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). The "claimant bears the burden of proving that an impairment is disabling." *Id.*; *see also Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (The burden of proof is on the claimant at steps one through four.). For these reasons, the Court finds the ALJ properly evaluated Plaintiff's NF1 condition at step two.

Plaintiff's disagreements with the ALJ's determination are not a basis for finding error or remand, because the ALJ's conclusions were supported by substantial evidence.

**MEMORANDUM DECISION AND ORDER - 8**

The question on judicial review is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings. *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). In determining whether such evidence exists, the Court "may not reweigh the evidence or substitute [its] judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). If the evidence rationally supports the ALJ's conclusions, these conclusions must be affirmed. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Where "the evidence 'is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.'" *Ford*, 950 F.3d at 1154 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Carmickle*, 533 F.3d at 1164 ("The ALJ is responsible for resolving conflicts in the medical record."). For the reasons discussed herein, the Court finds the ALJ's decision was rational and supported by substantial evidence.

Further, any error at step two was harmless because the ALJ found at least one severe medical impairment at step two and then proceeded to consider all of Plaintiff's impairments and symptoms in the subsequent steps of the disability analysis. *Buck*, 869 F.3d at 1048-1049. Specifically, the ALJ considered and discussed the records relevant to NF1 when identifying Plaintiff's medical impairments, evaluating Plaintiff's symptom statements, assessing the RFC, and making the disability determination. (AR 18-26). At step two, the ALJ found Plaintiff's neurofibromatosis was a severe medically determinable impairment. (AR 18). At step three, the ALJ considered Plaintiff's neurofibromatosis paraspinal tumors and optic nerve tortuosity under the applicable listed

**MEMORANDUM DECISION AND ORDER - 9**

impairments. (AR 19).[4] In the RFC determination, the ALJ discussed the medical records and Plaintiff's symptom statements relevant to his history of NF1 and optic nerve tortuosity, mild optic atrophy, paraspinal and paratracheal plexiform neurofibromas, and multiple dermal neurofibromas. (AR 21-22). The ALJ also considered the medical opinion evidence, none of which endorsed disabling limitations, and the third-party functional reports. (AR 23-25). Finally, the ALJ determined there were jobs that exist in significant numbers in the national economy that Plaintiff could perform given his age, education, and RFC. (AR 25-26). Any error at step two was therefore harmless, because the ALJ considered Plaintiff's medically determinable impairment of NF1 and all of the limitations and restrictions imposed by Plaintiff's impairments, singularly and collectively, whether severe or not, in the later steps of the sequential analysis. *Buck*, 869 F.3d at 1048-1049.

## 2.    Subjective Symptom Statements

Plaintiff argues the ALJ erred by failing to properly identify his NF1 condition, and to evaluate, discuss, and consider his subjective symptom statements. (Dkt. 15, 23). Defendant maintains the ALJ properly considered Plaintiff's subjective symptom complaints. (Dkt. 22).

---

[4] Plaintiff does not contested the ALJ's step three findings nor identified any listing that should have been considered by the ALJ but was not. (Dkt. 15). Indeed, it does not appear that there is a specific listing for NF1 or for genetic conditions generally. Instead, the SSA evaluates NF1 based on the specific body systems affected and the symptoms caused by the condition, as the ALJ did here. (AR 19-20).

**MEMORANDUM DECISION AND ORDER - 10**

A.    **Legal Standard**

The ALJ engages in a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); SSR 16-3p. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (quoting *Garrison*, 759 F.3d at 1014-15; 20 C.F.R. § 404.1529 (Mar. 27, 2017)).

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ next evaluates the intensity and persistence of the symptoms to determine the extent that the symptoms limit a claimant's ability to perform work related activities based on the entire case record. SSR 16-3p. The ALJ may discredit a claimant's testimony about the severity of their symptoms only by offering specific, clear and convincing reasons for doing so. *Trevizo*, 871 F.3d at 678; *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010). These reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). The clear and convincing standard does not require the Court to be convinced, "but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

B.    **Analysis**

The functional reports, describe Plaintiff as having major headaches and back pain, noting some days are better or worse than others. (AR 263, 267, 337, 366, 399). For daily activities, Plaintiff tends to chickens; takes Epsom salt baths; plays video games;

**MEMORANDUM DECISION AND ORDER - 11**

skis, bikes, fishes, and hikes when feeling well enough to do so; makes meals; naps; and goes outside. (AR 267, 338, 340, 367, 400). Plaintiff reported being able to do light duty yard work such as raking and picking up sticks/leaves; walking; riding in a car, but has not passed the driver's exam; riding a bicycle; shopping online and in stores for short periods of time; going out alone; and attending to personal care. Plaintiff was unable to attend school on a regular basis due to not feeling well. (AR 341, 371, 400). Plaintiff's conditions affect his ability to lift, squat, hear, see, complete tasks, concentrate, understand, and follow instructions. (AR 342, 371). Plaintiff needs reminders to stay on task. (AR 265-267, 342, 368, 371).

During the hearing, Plaintiff testified to having back pain and tumors all over his body, with the most troubling tumors on his optic nerve, spinal cord, and esophagus. (AR 38-39). If employed, Plaintiff stated he would be late and miss most days of work due to not feeling well and pain, which he estimated to be 3 out of 10 upon waking without any exertion. (AR 40-41). Plaintiff testified that he could lift 60 pounds, but was not able to work a physical labor job; and he could follow step by step instructions. (AR 41, 42).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but his statements concerning the intensity, persistence, and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record. (AR 21). Specifically, the ALJ stated that the "objective medical evidence, exceptionally high functioning activities of daily living, course of treatment, pattern of past recorded statements, and medical opinions are inconsistent with the claimant's allegations of disabling symptoms." (AR 21-22). The

MEMORANDUM DECISION AND ORDER - 12

Court finds the ALJ set forth clear and convincing reasons for discrediting Plaintiff's symptom statements that were supported by substantial evidence.

An ALJ may reject a claimant's symptom testimony if the testimony is contradicted by evidence in the medical record. *Carmickle*, 533 F.3d at 1161; *see also Smartt*, 53 F4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."). While an ALJ may consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain," *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), the ALJ cannot reject subjective pain testimony solely on that basis. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see also* 20 C.F.R. § 416.929(c)(2) (the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work…solely because the available objective medical evidence does not substantiate your statements"); *Smartt*, 53 F.4th at 498 (holding an ALJ cannot discredit subjective symptom testimony "by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony."). Further, "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Smartt*, 53 F.4th at 500. Here, the medical evidence and records identified and considered by the ALJ contradict Plaintiff's statements of disabling level symptoms.

In evaluating Plaintiff's symptom statements, the ALJ discussed particular records supporting that finding, including objective medical evidence reporting that Plaintiff's

**MEMORANDUM DECISION AND ORDER - 13**

NF1 and ADHD caused some mild to moderate symptoms, but mostly contained normal clinical observations of his functional abilities. (AR 22). The ALJ further observed inconsistency between Plaintiff's symptom statements of disabling headaches and his past recorded statements to treatment providers stating that he had no headaches or that they were mild. (AR 23). The ALJ reasonably concluded that the medical records reflecting Plaintiff's symptoms from ADHD and headache pain were treated conservatively or not at all, suggested that his symptoms were less troubling than he alleged. (AR 23). The ALJ next observed the absence of any medical opinions supporting a finding of disability, as all of the medical opinions in the record reflected the opposite. (AR 23).[5] The Court finds the ALJ's discussion of these records was accurate, and that the records cited and discussed in the decision support the ALJ's reasoning and conclusion that Plaintiff's symptom statements were not entirely consistent with the evidence in the record. *Smartt*, 53 F.4th at 500.

The ALJ also identified and discussed records reflecting Plaintiff's "exceptionally high-functioning activities of daily living," including his significant physical activities of skiing, biking, fishing, hiking, camping, and riding motorcycles; and that he regularly works at his family's construction site. (AR 22). The ALJ discussed treatment records where Plaintiff reported being able to ski, work at his family's construction site regularly, exercising regularly, and reported no headaches. (AR 782, 627, 753, 803, 845, 864, 894).

---

[5] Plaintiff does not assign any error to the ALJ's evaluation of the medical opinion evidence. (Dkt. 15).

**MEMORANDUM DECISION AND ORDER - 14**

The records of daily activities cited and discussed in the decision support the ALJ's finding that Plaintiff's statements of debilitating pain and symptoms were inconsistent with his reports to treatment providers of regularly skiing, working at his family's construction site, and exercising. *Smartt*, 53 F.4th at 499-500 (affirming ALJ determination that claimant's self-reported activities were inconsistent with the alleged severity of their pain and alleged limitations).

While Plaintiff disagrees with the ALJ's interpretation of the record and highlights other portions of the record, the Court finds that the ALJ reasonably relied on the objective medical evidence and other records – e.g., the mostly normal exam findings, minimal to moderate clinical symptoms, inconsistent recorded statements, conservative treatment, and high functioning daily activities – in finding Plaintiff's symptom statements inconsistent with the evidence in the record. (AR 21-25). Plaintiff's alternative reading of the record does not require remand. The question on review is not whether substantial evidence exists to support the claimant's preferred findings, but whether substantial evidence supports the ALJ's findings, which is the case here. *Jamerson*, 112 F.3d at 1067.

Based on the foregoing, the Court finds the ALJ set forth clear and convincing reasons for discrediting Plaintiff's symptom statements and that the ALJ's reasoning and conclusion is supported by substantial evidence. The ALJ identified records showing mostly normal medical exam findings; minimal to moderate clinical signs and symptoms; inconsistent recorded statements; and conservative treatment. (AR 22-23). Further, the ALJ reasonably found that Plaintiff's reported activities were inconsistent with his

**MEMORANDUM DECISION AND ORDER - 15**

complaints of disabling limitations. The ALJ therefore did not err in discounting Plaintiff's subjective symptom statements.

## CONCLUSION

In sum, the Court finds the ALJ's decision was free of harmful error and supported by substantial evidence. The ALJ's assessment and consideration of Plaintiff's medically determinable impairments and evaluation of Plaintiff's symptom statements were reasonable, supported by the record as a whole, and consistent with the applicable regulations. Accordingly, the Commissioner's decision will be affirmed.

## ORDER

For the reasons stated herein, the Commissioner's decision finding Plaintiff not disabled within the meaning of the Social Security Act is **AFFIRMED** and the Complaint (Dkt. 1) is **DISMISSED**.

DATED: August 3, 2026

Honorable Debora K. Grasham
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 16**